JS-CAND 44 (Rev. 10/2020)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

FRANK LOWENBERG

**(b)** County of Residence of First Listed Plaintiff    MARIN COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

LAW OFFICES OF GARRY R. CARLIN; 301 EAST OCEAN BLVD. SUITE 1550, LONG BEACH, CA 90802; 562-432-8933

## DEFENDANTS

ILLINOIS MUTUAL LIFE INSURANCE COMPANY

County of Residence of First Listed Defendant    UNKOWN
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| 1 | U.S. Government Plaintiff | 3 | Federal Question *(U.S. Government Not a Party)* |
| 2 | U.S. Government Defendant | ×4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ×1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | ×5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ×110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment Of Veteran's Benefits<br>151 Medicare Act<br>152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers' Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Personal Injury -Medical Malpractice | **PERSONAL INJURY**<br>365 Personal Injury – Product Liability<br>367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | 625 Drug Related Seizure of Property 21 USC § 881<br>690 Other<br><br>**LABOR**<br>710 Fair Labor Standards Act<br>720 Labor/Management Relations<br>740 Railway Labor Act<br>751 Family and Medical Leave Act<br>790 Other Labor Litigation<br>791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>462 Naturalization Application<br>465 Other Immigration Actions | 422 Appeal 28 USC § 158<br>423 Withdrawal 28 USC § 157<br><br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>835 Patent—Abbreviated New Drug Application<br>840 Trademark<br>880 Defend Trade Secrets Act of 2016<br><br>**SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff or Defendant)<br>871 IRS–Third Party 26 USC § 7609 | 375 False Claims Act<br>376 Qui Tam (31 USC § 3729(a))<br>400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced & Corrupt Organizations<br>480 Consumer Credit<br>485 Telephone Consumer Protection Act<br>490 Cable/Sat TV<br>850 Securities/Commodities/ Exchange<br>890 Other Statutory Actions<br>891 Agricultural Acts<br>893 Environmental Matters<br>895 Freedom of Information Act<br>896 Arbitration<br>899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | **CIVIL RIGHTS**<br>440 Other Civil Rights<br>441 Voting<br>442 Employment<br>443 Housing/ Accommodations<br>445 Amer. w/Disabilities– Employment<br>446 Amer. w/Disabilities–Other<br>448 Education | **PRISONER PETITIONS**<br>**HABEAS CORPUS**<br>463 Alien Detainee<br>510 Motions to Vacate Sentence<br>530 General<br>535 Death Penalty<br>**OTHER**<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br>560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ×1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation–Transfer | 8 Multidistrict Litigation–Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; BREACH OF INSURANCE CONTRACT; AND DECLARATORY JUDGMENT
Brief description of cause:
INSURANCE COMPANY BREACHED "RENEWABLE FOR LIFE" HEALTH INSURANCE

## VII. REQUESTED IN COMPLAINT:

✓ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ×Yes    No

## VIII. RELATED CASE(S), IF ANY *(See instructions):*

JUDGE HAYWOOD S. GILLIAM JR.    DOCKET NUMBER 4:21-cv-09739-HSG

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*

× SAN FRANCISCO/OAKLAND    SAN JOSE    EUREKA-MCKINLEYVILLE

DATE    09/19/2022    SIGNATURE OF ATTORNEY OF RECORD    

1    **LAW OFFICES OF GARY R. CARLIN, APC**
     GARY R. CARLIN, CSBN: 44945
2    gary@garycarlinlaw.com
     301 East Ocean Blvd., Suite 1550
3    Long Beach, California 90802
     Telephone: (562) 432-8933
4    Facsimile:  (562) 435-1656

5

6    Attorneys for Plaintiffs, FRANK LOWENBERG

7              **UNITED STATES DISTRICT COURT**

8              **NORTHERN DISTRICT OF CALIFORNIA**

9

10   FRANK LOWENBERG,                  CASE NO.:
     individually and on behalf of all
11   members of the public similarly    **CLASS ACTION COMPLAINT**
     situated,
12                                       **(1)  BREACH OF THE IMPLIED**
              Plaintiffs,                **COVENANT OF GOOD FAITH AND**
13                                       **FAIR DEALING;**
              vs.                        **(2)  BREACH OF INSURANCE**
14                                       **CONTRACT; AND**
     ILLINOIS MUTUAL LIFE               **(3)  DECLARATORY JUDGMENT**
15   INSURANCE COMPANY, an
     Illinois corporation; and DOES 1
16   through 50, inclusive

17            Defendants.               **[DEMAND FOR JURY TRIAL]**

18

19

20

21

22

23

24

25

26

27

28

-1-

**CLASS ACTION COMPLAINT**

## STATEMENT OF THE CASE

1.     Defendants intentionally and willfully canceled over twenty (20) "Renewable for Life" insurance policies. Plaintiff, along with Class members, were promised a "Renewable for Life" insurance policy so long they paid the premiums to the policy. Despite paying the premiums, DEFENDANT believed that it was justifiable to cancel all remaining policies because it was no longer "profitable." Plaintiff, like many other class members, have had their premiums for over fifty (50) years, and now that they have entered their golden years, DEFENDANT decided to not honor their end of the bargain and cancel the "Renewable for Life" insurance. Plaintiff and Class members lost health coverage in a time that they most need it, a time that no other insurance company would want to grant them an insurance policy without it costing a fortune because of their age and health. Plaintiff and Class members lost their bargain for exchange, the insurance coverage and they lost the opportunity to choose a health insurance plan that does not cost a fortune because of their reliance on DEFENDANT's Policy terms; because of this, Plaintiff and Class members seek special, compensatory, punitive damages, and an injunction.

## PARTIES

2.     At all times herein mentioned, PLAINTIFFS have been a citizen of the state of California.

3.     PLAINTIFFS are informed and believe that DEFENDANT is, and at

-2-

all relevant times herein, been an Illinois Corporation and doing business within California purposefully availing itself to the jurisdiction, capable of suing and being sued in California.

4.      PLAINTIFFS are informed and believe that DEFENDANT, and DOES 1-50, inclusive, and each of them, engaged in insuring individuals, under the laws of the State of California and doing business within the county of Marin, State of California.

5.      PLAINTIFFS are informed and believe and thereon allege that each of the DEFENDANTS herein were at all times the agent, employee, or representative of each remaining DEFENDANTS and were at all times herein acting within and outside the scope and purpose of said agency and employment. PLAINTIFFS further allege that as to each DEFENDANT, whether named or referred to as a fictitious name, said DEFENDANTS supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, and/or omissions, of each remaining DEFENDANT.

6.      PLAINTIFFS are informed and believe that the DEFENDANTS committed other wrongful acts or omissions of which PLAINTIFFS are presently unaware.  PLAINTIFFS shall conduct discovery to identify said wrongful acts and will seek leave of court to amend this Complaint to add said acts upon discovery.

7.      That the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 50, inclusive are unknown

-3-

to PLAINTIFFS, who therefore sues said Defendants by such fictitious names. PLAINTIFFS are informed and believe and thereon allege that each of the Defendants designed herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and legally caused injury and damages proximately thereby to PLAINTIFFS, as herein alleged.

## JURISDICTION AND VENUE

8.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2). The amount in controversy against the class representative exceeds $75,000. Also, the class representative is a citizen of California and Defendant is a citizen of Illinois.

9.    Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District where DEFENDANTS and each of them, distributed, marketed, advertised, and sold "Renewable Health Insurance" which are the subject of the present complaint. Finally, venue is appropriate in this District pursuant to 28 USC § 1391(b)(2) because a substantial part of the acts and omissions that gave rise to this Complaint occurred or emanated from this District.

10.    This Court has personal jurisdiction over DEFENDANTS because they are authorized to do business and do conduct business in California and because they have specifically marketed, advertised, and sold "Renewable Health

-4-

Insurance" in California, and have sufficient minimum contacts with this state and/or sufficiently avails themselves of the markets of this state through their promotion, sales, and marketing within this state to render the exercise of jurisdiction by this Court permissible.

## **FACTUAL ALLEGATIONS**

11.    In or about 1972, Plaintiff Frank Lowenberg, (hereinafter referred to as "FRANK") purchased a non-cancelable medical insurance policy from Illinois Mutual Health with policy number 841804 (hereinafter referred to as "POLICY").

12.    At all times herein mentioned FRANK consistently paid the POLICY premiums on time, and never intentionally misrepresented material facts to DEFENDANT at the time of obtaining the policy.

13.    When FRANK purchased the POLICY he resided in Michigan. In 1976 to the present, he has been a California resident. DEFENDANT knowingly accepted payments from FRANK, for over forty-five (45) years from the state of California.

14.    On or about April of 2021 DEFENDANT's employee, Beth Martin (herein after referred to as "MARTIN"), contacted FRANK by email regarding the cancelation of his lifetime policy. MARTIN indicated that DEFENDANT intends to discontinue the POLICY within six (6) months, effective on or about November 1, 2021. MARTIN stated that DEFENDANT's cancelation of the POLICY is due to the fact that only (30) insured are still alive with the same POLICY as FRANK.

15. The State of Michigan approved the discontinuation of the policy, but the California Department of Insurance has not.

16. On or about May, 7, 2021 FRANK sent DEFENDANT'S employee MARTIN an email requesting an internal grievance process and a written response listing specific language in the POLICY that allows DEFENDANT to exclude future coverage on a non-cancellable policy.

17. FRANK has become very ill the last several years and relies on the POLICY to continue his medical care.

18. In or about June 3, 2021 FRANK sent an email to DEFENDANT's employee MARTIN, Emily Wilburn, and President Katie McCord-Jenkins, to put them on notice that FRANK is in touch with the California Department of Insurance.

19. FRANK is in dire need of surgeries that have not yet taken place, and is having difficulties finding a suitable replacement for his health insurance. FRANK is in the middle of his treatments that cannot be changed or stopped in his current condition.

20. PLAINTIFFS are informed and believe that DEFENDANT is cancelling the POLICY because it is no longer profitable to the company.

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring claims pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Class, as defined below: All PLAINTIFFS, and each of

them, consumers and distributors who's Illinois Mutual Health Policy was canceled.

22.     This action has been brought and may properly be maintained as a class action against ALL DEFENDANTS and each of them, pursuant to the provisions of Federal Rule of Civil Procedure 23.

23.     **Numerosity**: The precise number of members of the proposed Class is unknown to plaintiffs at this time, but, based on information and belief, Class members are so numerous that their individual joinder herein is impracticable and unfeasible. All Class members may be notified of the pendency of this action by reference to DEFENDANTS and each of their records or by other alternative means.

24.     **Commonality**: Numerous questions of law or fact are common to Plaintiffs' claims and members of the proposed Class. These common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. These common legal and factual questions include, but are not limited to the following:

   a.  Whether ILLINOIS MUTUAL LIFE INSURANCE COMPANY breached the implied covenant of Good Faith and Fair Dealing by cancelling the "renewable for life" insurance policies;

   b.  Whether ILLINOIS MUTUAL LIFE INSURANCE COMPANY breached the insurance contract.

c. Whether the reason for terminating the insurance contracts was due to contracts no longer being profitable.

d. Whether plaintiff and the other class members are entitled to injunctive, equitable and declaratory relief.

25.    **Typicality:** The claims of the named Plaintiff are typical of the proposed Class's claims in that the named Plaintiff was a customer during the class period and had their insurance policy canceled even though he paid their premiums on the "Renewable for Life" insurance policy just like the other class members.

26.    **Adequate Representation:** Plaintiffs will fairly and adequately represent the Class's interests in that he has no conflicts with any other Class members. Plaintiffs have retained competent counsel experienced in prosecuting complex class actions, including those involving breach of contract insurance, and they will vigorously and diligently litigate this class action.

27.    **Predominance and Superiority:** There is no plain, speedy, or adequate remedy other than maintaining this class action. A class action is superior to other available means, if any, for the fair and efficient adjudication of this controversy. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendant. Treatment as a class action will achieve substantial economies of time, effort, and expense and provide comprehensive and uniform supervision by a single court. This class action presents no material

-8-

difficulties in management.

28.     Class action certification is warranted under Fed. R. Civ P. 23(b)(1)(A) because the prosecution of separate actions by individual members of the proposed Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which may produce incompatible standards of conduct for Defendants. 34. Class action certification is warranted under Fed. R. Civ P. 23(b)(1)(B) because the prosecution of separate actions by individual members of the proposed Class would create a risk of adjudications with respect to individual Class members, which may, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

29.     The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as DEFENDANTS, and each of them have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive, declaratory, or equitable relief appropriate with respect to the Class as a whole. 36. Class action certification is also warranted under Fed. R. Civ P. 23(b)(3) because questions of law or fact common to the class members predominate over any questions affecting only individual members, and a Class action is superior to other available remedies for the fair and efficient adjudication of this controversy. The amount of damages available to the individual Plaintiffs are insufficient to make litigation addressing DEFENDANTS, and each

of their conduct economically feasible for most in the absence of the class action procedure. Individualized litigation also presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system presented by the case's legal and factual issues. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

30.    Class action certification is also warranted under Fed. R. Civ P. 23(c)(4) because questions of law or fact common to the Class members may be certified and decided by this Court on a class-wide basis.

## FIRST CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

### (By FRANK LOWENBERG Against All Defendants)

31.    Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

32.    There is a duty of an insurer in every insurance policy to deal in good faith and fairly with its insured. *See Crisci v. Security Ins. Co.* (1967) 66 Cal.2d 425, and *Comunale* v. *Traders & General Ins. Co.* (1958) 50 Cal.2d 654. The breach of the duty of good faith and fair dealing comes both from contract and tort. "[there] is an implied covenant of good faith and fair dealing in every contract [including insurance policies] that neither party will do anything which will injure

-10-

the right of the other to receive the benefits of the agreement." *Comunale, supra,* at p.658.

33.    Additionally," an insurer ... who refuses to accept a reasonable settlement within the policy limits in violation of its duty to consider in good faith the interest of the insured in the settlement, is liable for the entire judgment against the insured even if it exceeds the policy limits." *Id.* at p. 661

34.    The insurer has the same duty to act under the contract/ policy when addressing third persons' claims as it does for the insured themselves. *Gruenberg v. Aetna Ins. Co.,* (1973) 9 Cal. 3d 566, 510 P.2d 1032, 108 Cal. Rptr. 480, 1973 Cal. LEXIS 210

35.    FRANK and DEFENDANT entered into an insurance contract.

36.    FRANK at all times paid his POLICY premiums on time and therefore did all or substantially all of the significant things that the contract required him to do.

37.    All conditions required for DEFENDANT'S performance had occurred.

38.    DEFENDANT intentionally and deliberately failed to resolve the claim in a timely and professional manner, in bad faith.

39.    DEFENDANTS, by engaging in the foregoing conduct, did not act fairly and in good faith;

40.    Upon information and belief, Plaintiff, FRANK LOWENBERG has

-11-

not violated his obligation under the insurance policy that would excuse Defendant's bad faith.

## SECOND CAUSE OF ACTION

### Breach of Insurance Contract

### (By FRANK LOWENBERG Against All Defendants)

41.    Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

42.    FRANK entered into a written insurance contract with DEFENDANT.

43.    FRANK at all times paid his POLICY premiums on time and therefore did all or substantially all of the significant things that the contract required him to do.

44.    DEFENDANT failed and refused, and continues to fail and refuse, to timely and fully tender its performance as required by the POLICY; in that, it has failed to tender to the FRANK all monies due and owing for his insured damage which he suffered as a result of the denial of benefits and otherwise.

45.    Defendant's failure and refusal to honor its contractual obligations include, but are not limited to, breach of contract, failing and intentionally refusing to pay the full amount of Plaintiff's loss, refusing to pay for losses covered under the policy, and failing and intentionally refusing to promptly investigate and resolve Plaintiffs' claims.

46.    FRANK has been harmed because he can no longer receive continuous

-12-

treatment.

47.    DEFENDANT's failure and refusal to timely perform its obligations has proximately and directly caused FRANK to suffer damages.

48.    DEFENDANT acted with malice, oppression, fraud, and with despicable conduct in conscious disregard of the rights of FRANK. The conduct was the result of DEFENDANT acting for its own personal corporate and economic interests in knowing violation of its duties owed to FRANK.

## THIRD CAUSE OF ACTION

### Declaratory Relief

### (By FRANK LOWENBERG Against All Defendants)

49.    Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

50.    An actual controversy has arisen and now exists between Plaintiff and Defendant.

51.    Plaintiff contends that he purchased a lifetime medical insurance policy from Defendant, that he paid all premiums required to maintain the lifetime medical insurance policy active and in full force, and that such policy included provisions that Plaintiff would be covered for life under the policy.

52.    Individual long-term care insurance policies are contracts between a consumer and an insurer. Such policies are regulated by the California Department of Insurance and have all the consumer protections required under California law.

-13-

Individual policies are guaranteed renewable and cannot be cancelled by the insurance company unless the premium is not paid on time. Coverage cannot be cancelled due to an insured's age or health.

53.    Plaintiff contends that Defendants breached the policy and failed to comply with its terms by stating their intention to cancel the policy and end coverage for Plaintiff without having obtained permission to do so by the State of California and despite the fact that Plaintiff had fully complied with all of his obligations pursuant to the policy. In committing this breach and by engaging in bad faith, intentional misrepresentation, and other acts which were in violation of the policy, Defendants caused Plaintiff to suffer extreme emotional distress, economic damage, and other damages in an amount to be proven at trial.

54.    A judicial declaration invalidating Defendant's decision to cancel the policy for failing to comply with the normal procedures required for cancelling such policies is therefore required as Defendant failed to comply with its obligations under the long term care insurance policy and acted in violation of California law when it communicated its intention to cancel said policy without alleging any breach on the part of Plaintiff and without obtaining consent from the State of California in undertaking to cancel the policy.

55.    A judicial declaration is required as Defendant is elderly and requiring medical treatment and would face immediate and severe harm if confronted with the loss of his long term care insurance policy.

-14-

56.    A temporary restraining order, preliminary injunction, and permanent injunction is also necessary to prohibit Defendant from effectuating its intent and state desire to cancel the long term care insurance policy during the pendency of the proceedings. Without such injunction, Defendants will carry out their stated intent which will have the effect of denying Plaintiff his rights under the policy to medical care.

57.    Plaintiff, FRANK LOWENBERG's health situation remains serious, as he is critically ill, in the middle of treatments which cannot be changed or stopped based on his current condition.   Since this is an emergency situation, Plaintiff cannot wait until a further hearing can be scheduled and held and therefore prays for immediate action by this honorable Court to prevent this harm from occurring.

58.    Plaintiffs ask the Court for a preliminary injunction hearing, in which the Plaintiff's Policy record will show that Plaintiff, FRANK LOWENBERG, has fully performed his end of the contract, by making all payments to Defendant since the Policy was contracted nearly fifty years ago, on November 17, 1972.  Plaintiff ask the Court to maintain the status quo, as Defendant is refusing to confer justly due benefits onto the Plaintiff after forty-five years of accepting Plaintiff FRANK LOWENBERG's payments to Defendant from the State of California.

59.    The likelihood of Plaintiffs' success on the merits is high, based on what can be proven to the Court through the terms of contract signed by both

-15-

Plaintiff, FRANK LOWENBERG, Defendant, IL MUTUAL and record of payment.  Plaintiffs asks the Court to balance the hardships, weighing in favor the Plaintiffs.

60.    Plaintiff then asks the Court to grant a permanent injunction, as Plaintiff will suffer irreparable injury or harm by Defendant cancelling, not carrying out the contracted Policy, when Plaintiff needs it most, nearly fifty years after contracting and nearly fifty years of payments made to Defendant.  Plaintiff, FRANK LOWENBERG will become increasingly ill and may lose his life, which would constitute irreparable harm.

61.    Plaintiff, FRANK LOWENBERG claims a property right of the Policy, for which was paid into by Plaintiff FRANK LOWENBERG's sums of money from the State of Michigan for over three years, and from the state of California for over forty-five years.  This is in fact a property right, as Plaintiff has contracted for the policy, signed by the IL MUTUAL's President at the time, dated November, 17, 1972, having been fully paid by Plaintiff, FRANK LOWENBERG.

62.    Plaintiffs assert that Court's ability to enforce this matter is highly feasible, as it requires one party to make payments or to relinquish money for Plaintiffs' medical care, according to Policy terms.

63.    Plaintiffs ask the Court to balance the hardships of both the Plaintiff and Defendant in the matter, but assert that Plaintiff, FRANK LOWENBERG, an individual, will endure the most hardship, possibly even death, if a corporation,

-16-

Defendant, realizes its intent to cancel said policy, for which has been contracted and paid in full by Plaintiff, depriving Plaintiff of due benefits for personal gain.

## **PRAYER FOR RELIEF**

1.    For general damages according to proof;

2.    For benefits due under the Policy;

3.    For prejudgment interest on lost benefits;

4.    For a declaration regarding Plaintiff's rights to future benefits under the Policy.

5.    For such equitable relief as the Court deems just and proper;

6.    For restitution of the value of the premiums improperly acquired from Plaintiff;

7.    For attorney's fees and costs of suit incurred pursuant to any applicable provision of law;

8.    For interest at the legal rate from the date of injury or pursuant to Code of Civil Procedure § 3287;

9.    For punitive damages, according to proof; and

///

///

-17-

10.    For such other and further relief as the Court deems just and proper, to include equitable remedies of 1) Temporary Restraining Order, 2) Preliminary Injunction, and 3) Permanent Injunction.


Dated:  September 19, 2022

LAW OFFICES GARY R. CARLIN, APC


By _____
Gary R. Carlin, Attorney for Plaintiffs
LORETTA ASHTON LOWENBERG and
FRANK LOWENBERG


## DEMAND FOR JURY TRIAL


Plaintiff hereby respectfully demands a jury trial.


Dated:  September 19, 2022

LAW OFFICES OF GARY R. CARLIN, APC


By _____
Gary R. Carlin, Attorney for Plaintiffs
LORETTA ASHTON LOWENBERG and
FRANK LOWENBERG


-18-

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| FRANK LOWENBERG, individually and on behalf of all members of the public similarly situated, | ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| ILLINOIS MUTUAL LIFE INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 50, inclusive | ) ) ) ) |
| *Defendant(s)* | ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   ILLINOIS MUTUAL LIFE INSRUANCE COMPANY
AGENT FOR SERVICE OF PROCESS: C T CORPORATION SYSTEM
300 SW ADAMS ST.
PEORIA, IL 61634

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   LAW OFFICES OF GARY R. CARLIN, APC
301 EAST OCEAN BLVD., SUITE 1550
LONG BEACH, CA 90802

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ☐ I returned the summons unexecuted because _____ ; or

    ☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                           *Server's signature*

                                    _____
                                        *Printed name and title*

                                    _____
                                        *Server's address*

Additional information regarding attempted service, etc: